# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 59765-9-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| ANDRE BRIGHAM YOUNG, | |
| Appellant. | |

CHE, J. — Andre Brigham Young, a convicted sex offender, was charged with felony failure to register in 2022. During motions in limine, Young asked to waive his right to an attorney and proceed pro se. After a brief colloquy, the trial court granted Young's request and found that Young knowingly, intelligently, voluntarily, and unequivocally waived his right to counsel. After representing himself at trial, a jury found Young guilty as charged.

Young appeals, arguing that the trial court erred by finding the waiver of his right to counsel knowing and intelligent without determining if Young knew or understood the maximum penalties that could result from a conviction. The State concedes that the trial court erred, and we accept the State's concession.[1] Accordingly, we reverse Young's conviction and remand for a new trial.

---

[1] Young also argues that the trial court erred by accepting his waiver of his right to counsel because the trial court did not determine if he understood the nature of the charges against him. Because we accept the State's concession that the trial court failed to determine if Young knew or understood the maximum penalties that could result from a conviction and reverse and remand on that basis, we need not address this issue.

FACTS

Andre Young was a convicted sex offender who was required to register as a sex offender with the State of Washington. The State charged Young with failure to register as a sex offender.

At trial, Young was initially represented by appointed counsel. During motions in limine, Young moved to waive his right to counsel. During a colloquy, Young informed the trial court that he was 83 years old, had graduated college, and had not studied law. Young stated that he understood he would be responsible for complying with the procedural rules and rules of evidence as if he were a lawyer. The trial court confirmed with Young that he understood that he is entitled to a lawyer because he had been charged with a crime.

The trial court continued:

> [COURT]: Is this something that you absolutely want to do?
>
> [YOUNG]: I absolutely want to do, sir.
>
> . . . .
>
> [COURT]: Okay. All right. The Court finds that Mr. Young has made an unequivocal request to represent himself and he does have a right to do so. In light of that, I'm going to order that he be permitted to represent himself. I'm going to order that Mr. Hunner stay on as standby counsel to assist him with locating documents and the like that may be needed. But of course, Mr. Hunner, you can't provide him with any advice or argue anything before this court or the jury, okay? Mr. Hunner, would you draft me an order, please?

1 Rep. of Proc. (June 13, 2024) at 27-28.

The case proceeded to trial with Young representing himself, and the jury found Young guilty as charged.

Young appeals.

ANALYSIS

Young argues that the trial court erred by finding the waiver of his right to counsel knowing and intelligent without determining if Young knew or understood the maximum penalties that could result from a conviction. The State concedes, and we accept the State's concession.

Both the state and federal constitutions guarantee a criminal defendant the right to counsel and the right to self-representation. U.S. Const. amends. VI and XIV; Wash. Const. art. 1, § 22. While fundamental, the right to self-representation is not absolute, nor is it self-executing. *State v. Kolocotronis*, 73 Wn.2d 92, 98, 436 P.2d 774 (1968). Because the right to self-representation conflicts with the right of adequate representation, a court must "'indulge in every reasonable presumption' against a defendant's waiver of his or her right to counsel." *In re Det. of Turay*, 139 Wn.2d 379, 396, 986 P.2d 790 (1999) (quoting *Brewer v. Williams*, 430 U.S. 387, 404, 97 S. Ct. 1232, 51 L. Ed. 2d 424 (1977)); *State v. DeWeese*, 117 Wn.2d 369, 376, 816 P.2d 1 (1991).

To determine whether a defendant's waiver of his right to counsel is knowing, intelligent, and voluntary, the trial court must engage in an on-the-record colloquy with the defendant. *State v. Burns*, 193 Wn.2d 190, 203, 438 P.3d 1183 (2019). "The colloquy should generally include a discussion of the nature of the charges against the defendant, the maximum penalty, and the fact that the defendant will be subject to the technical and procedural rules of the court in the presentation of his case." *Id*. Failure to inform the defendant of the maximum penalty for the charged crime, and where the defendant is not otherwise aware of the maximum penalty,

invalidates the defendant's waiver of their right to counsel. *State v. Howard*, 1 Wn. App. 2d 420, 429, 405 P.3d 1039 (2017).

There are additional "nonexhaustive factors" that the court may consider, which include the defendant's "education, experience with the justice system, mental health, and competency." *Burns*, 193 Wn.2d at 203. The court may also consider "the defendant's behavior, intonation, and willingness to cooperate with the court." *Id*. If the court "conduct[s] an adequate inquiry into a defendant's request and there is a factual basis" that the waiver of counsel was "knowing, intelligent, and voluntary," we will not disturb the court's discretionary decision on appeal. *Id*. at 204.

Here, the trial court allowed Young to proceed self-represented, but our record does not show that the court engaged in an adequate on-the-record colloquy regarding the factors listed above to determine whether Young's waiver of his right to counsel was knowing, intelligent, and voluntary. While the trial court informed Young that he would be subject to the procedural rules of trial, it did not mention the nature of the charges against Young or the maximum penalty he may face if convicted. For this reason, we accept the State's concession that there is no showing that Young knowingly and intelligently waived his right to counsel.

We reverse Young's conviction and remand for a new trial.

No. 59765-9-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Che, J.

We concur:

Glasgow, J.

Veljacic, C.J.